power to provide for the punishment of "counterfeiting the current coin," conferred, ex vi termini, the power to provide for the punishment of passing counterfeit coin. The offences are widely dissimilar in their nature and in point of aggravation, and have always been so considered. Had the constitution been altogether silent, with respect to the power of penal legislation, in regard to this, as well as other subjects to which it pertains and has been exercised, it would then have been left in this as in the other cases, to reasonable intendment, as incidental to the general power of legislation, or, in other words, it might have been considered as depending on that provision of the constitution which confers the power to pass all laws necessary and proper for carrying into execution the other enumerated powers. No one, it is presumed, would, in that case, have questioned the authority of the nation to punish the crime of coining, and by parity of reasoning, the power to punish the offence of passing counterfeit coin might not unreasonably have also been inferred. At any rate, the power in each instance would have rested upon the same general footing, and the whole subject being thus committed reasonably to the discretion of congress, the constitutionality of a law providing for the punishment of passing false coin, would not have been likely to be even entertained by the courts as a judicial question. I cannot, however, but think, that the force of the learned and able opinion of Mr. Justice McLean, to prove that the power to punish the offence of passing, as well as that of counterfeiting, ought to belong to the nation, is, in no slight degree, diminished by the above-mentioned provision of the constitution, expressly conferring the power to punish the crime of coining. "Expressum facit cessare tacitum." With the exception of "piracies and felonies committed on the high seas, and offences against the laws of nations," which are sui generis, and which there were the most cogent reasons for bringing under the cognizance of the national tribunals, and with the exception also of the power of penal legislation embraced in the grant of exclusive legislative authority over ceded territory, the offence of counterfeiting is the only one expressly named in the constitution, over which the legislative power of congress is declared by the constitution to extend. The authority to punish depredations upon the mail; frauds in obtaining pensions; enticing soldiers to desert; conspiracies to defraud underwriters, and bottomry-bond holders; perjury, &c. &c.; is left to be inferred from the general grant of legislative power over the several subjects to which these offences respectively relate. Why was the power to punish the offence of coining expressly given, unless it was, by defining, also to limit the power of penal legislation relative to the coin? On the other hand, however, it must be conceded, that serious embarrassments are likely to arise from the recognition of a concurrent

power over the subject by the states. If the power to punish coining belongs exclusively to the nation, and that of punishing the offence of passing to the states, where is the power to punish the mischievous and common offence of importing spurious coin from Canada, vested? Perhaps the subject may hereafter, upon maturer consideration, be placed by the supreme court, on a more satisfactory footing—either by deciding the power to punish all offences against the coin, to be concurrent in the nation and the states; or, which would still more effectually remove the difficulty, by reconsidering the decision of Fox v. State of Ohio [supra], and adopting the doctrine maintained by Mr. Justice McLean. But so long as that decision remains unshaken by the authority from which it emanated, I must decline to exercise jurisdiction of the offence of passing counterfeit coin.

---

## Case No. 14,415.

### UNITED STATES v. ABBOTT.

[Cited in Johnson v. Chapman, Case No. 7,378. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,416.

### UNITED STATES v. ABBOTT.

[9 Int. Rev. Rec. 186.]

Circuit Court, D. Massachusetts. 1869.

PENAL ACTION—INTERNAL REVENUE—FAILURE TO AFFIX STAMP.

A party sold a box of sardines without affixing thereto an appropriate revenue stamp, and was indicted to recover the penalty thereby incurred. Defendant demurred. *Held*, that the indictment would lie as a proper proceeding under the provisions of Act July 13, 1866, § 9 (14 Stat. 145); Dept. Compilation, § 165, p. 121; Id. § 169, p. 124.

[This was a prosecution by the United States against James E. Abbott for a penalty for the omission to affix a proper revenue stamp to a package sold by defendant. Heard on demurrer to the indictment.]

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Divested of all mere formal allegations, the indictment in this case charges against the defendant that he, at Boston, in this district, on the third day of September, 1868, did unlawfully and knowingly sell to the person therein named, a certain box containing sardines, not exceeding two pounds in weight, without affixing to the same an adhesive stamp or label denoting the tax or duty imposed thereon by law. 13 Stat. 296; 14 Stat. 145. When set at the bar to be arraigned, the defendant demurred to the indictment, and the district attorney joined in the demurrer. Views of the defendant are that the penalty prescribed for the omission to affix a stamp to the package sold as alleged, cannot be recovered by in-